IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-09-0288** |
| **GARY KNIGHT,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Gary Knight is presently serving a sentence of 188 months' imprisonment for conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. (*See* ECF Nos. 698, 1319.) This sentence is being served concurrently with a 180-month sentence for carjacking in violation of 18 U.S.C. § 2219. *See United States v. Knight*, Crim. No. JKB-09-0441, ECF No. 22 (Mar. 30, 2010). In addition to his federal sentences, Knight represents that he is also waiting to serve a consecutive 20-year state sentence for second-degree rape following the conclusion of his federal incarceration. (*See* ECF No. 2020 at 1, 7.) Presently, Knight has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, seeking a reduction of his sentence in the above-captioned case from 188 to 151 months. (*Id.*) For the following reasons, Knight's Motion will be DENIED.

### I. *Procedural History*

On January 5, 2010, Knight pleaded guilty to the instant offense and was sentenced to 210 months' imprisonment. (*See* ECF No. 698.) He subsequently received a sentence reduction to 188 months following promulgation of Amendment 750 to the Sentencing Guidelines (ECF No. 1319), which "revised the offense levels applicable to certain cocaine base quantities under USSG

1

§ 2D1.1(c)." *United States v. Gresham*, 482 F. App'x 822, at *1 (4th Cir. 2012). In 2016, Knight moved for a further sentence reduction following Amendment 782 to the Sentencing Guidelines. (*See* ECF No. 1574.) Considering that Motion, the Court concluded that a further sentence reduction "would be inappropriate [because the] underlying facts of this case . . . are extreme." (*See* ECF No. 1579 at 1.) In particular, the Court concluded that the violent nature of Knight's carjacking offense created a "profound need to protect the public . . . and that the requested lower sentence would not adequately serve that purpose." (*Id.* at 2.) Considering this need, along with the remaining § 3553(a) factors, the Court denied Knight's Motion. (*Id.*)

Knight now moves, through counsel, for a sentence reduction under Section 404 of the First Step Act. (ECF No. 2020.) In the present Motion, Knight explains that the sentencing landscape has significantly changed since he was first incarcerated and that, if he were sentenced today, he would be subject to a lower Guidelines sentencing range for his drug offense. (*Id.* at 5.) He further argues that the Court's prior § 3553(a) analysis did not consider several key circumstances. (*Id.* at 2–3.) Knight seeks a reduction of his sentence in this case to 151 months—the high end of his revised Guidelines range. (*Id.* at 1.) The Government opposes any sentence reduction under Section 404. (*See* ECF No. 2026.)

## II. Legal Standard

"The First Step Act provides that a sentencing court 'may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019) (quoting First Step Act § 404(b), 132 Stat. at 5222). A "covered offense is a violation of a Federal

2

criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [and] that was committed before August 3, 2010."

Even where a defendant's offense qualifies for a sentencing reduction under Section 404, "the decision whether to grant any reduction under the Act 'is entrusted to the district court's discretion.'" *United States v. Webb*, 5 F. 4th 495, 498 (4th Cir. 2021). In exercising this discretion, "a court must [ ] 'consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the 18 U.S.C. § 3553(a) factors, determine whether a given sentence remains appropriate in light of those factors, and adequately explain that decision.'" *Id.* (quoting *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021)) (cleaned up). Particularly relevant here, a district court must both "engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law' . . . and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021) (internal quotation marks and citations omitted). In the latter inquiry, the Court may "take into account a defendant's conduct after his initial sentencing." *Id.* (citation omitted).

### III. *Analysis*

The parties agree that Knight's offense of conviction qualifies as a "covered offense" under Section 404 of the First Step Act. (ECF No. 2020 at 3–4; ECF No. 2026 at 10.) They similarly agree that recalculating Knight's Sentencing Guidelines range in light of intervening case law results in a revised sentencing range of 121-151 months, based on a final offense level of 31 and a criminal history category of II. (ECF No. 2020 at 5; ECF No. 2026 at 11 n.2.) The Court agrees with these conclusions, and accordingly reaches the final part of the Section 404 analysis, "a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a)." *Lancaster*, 997 F.3d at 175. Here, the parties disagree about whether those factors favor a sentence reduction.

Knight argues that the Court's prior analysis wherein it concluded that a sentencing reduction was not warranted by the § 3553(a) factors should be revisited to account for four additional considerations. First, that "the sentencing guidelines applicable to Mr. Knight's case are lower than before." (ECF No. 2020 at 5); *see also* 18 U.S.C. § 3553(a)(4)(A) (requiring courts to consider "the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]"). Second, Knight explains that his previous Motion "did not raised a number of the circumstances presented" in his current Motion. (ECF No. 2020 at 2.) These include: (1) that when Knight was sentenced, "he was only 18 years old . . . and had not previously served any term of incarceration," (*id.* at 5); (2) that since being incarcerated "he has spent hundreds of hours earning his GED and participating in an array of meaningful programs" (*id.*); and (3) that following the completion of Knight's federal sentence "he will not be released immediately because of a detainer for a consecutive state sentence[,]" specifically, a 20-year state sentence for second-degree rape. (*Id.* at 3, 7.) Based on these considerations, he moves for a reduction in his sentence to the top-end of his revised Guidelines range, 151 months. (*Id.* at 7.) Knight notes that this reduction will, functionally, be only an 8-month reduction due to his concurrent 180-month carjacking sentence. (*Id.*)

The Government rejoins that, even accounting for these additional considerations, the § 3553(a) factors do not support a reduction in Knight's sentence. (ECF No. 2026 at 11–12.) It explains that the drug-trafficking offense to which Knight pleaded guilty was related to his membership in the Pasadena Denver Lanes ("PDL") a subset of The Bloods gang. (*Id.* at 1–2.) As a PDL member, Knight "participated in gang sanctions and other violence against PDL members[.]" (*Id.* at 2.) Further, while Knight did not plead guilty to any violent offenses in this case, "[h]is co-conspirators committed, or ordered others to commit, multiple murders and violent

4

beatings." (*Id.* at 13.) This violence was financed by, and in furtherance of, the drug-trafficking activities to which Knight pleaded guilty. (*Id.*)

In addition, Knight was contemporaneously convicted of two other offenses—carjacking and second-degree rape. The facts underlying the carjacking offense are particularly concerning, with Knight "chok[ing] to unconsciousness his female victim [and loading her] into the trunk of her automobile." (*See* ECF No. 1579 at 1); *see also United States v. Knight*, Crim. No. JKB-16-0441, ECF No. 16 at 5 (Jan. 5, 2010). While the facts underlying Knight's second-degree rape conviction are not before the Court, it is notable that the elements of second-degree rape require force, the threat of force, or the rape of a vulnerable victim; and that Knight received the statutory maximum sentence for this offense. *See* Md. Code Crim. Law §§ 3-304(a)(1)–(3), 3-304(c)(1).[1]

Last, the Government points out that although Knight was only eighteen when he was convicted of the present offense, he had two prior convictions and seven prior arrests, though his conviction were for non-violent offenses. (*See* ECF No. 2026 at 14); *see also* PSR ¶¶ 48–50 (noting convictions for Manufacture and Distribution of CDS and Misdemeanor Theft), 53–55. It also cites his record while incarcerated, where Knight has incurred a series of disciplinary infractions, including two serious infractions for possession of a dangerous weapon. (*See* ECF Nos. 2026-3.)[2]

Having considered the points raised by both parties, the Court concludes that a sentence reduction—even the functionally modest one requested by Knight—is not supported by the § 3553(a) factors. Even though the Guidelines range for Knight's offense of conviction has been

---

[1] These facts—which accentuate the deterrence and incapacitation concerns that drive the Court's § 3553(a) analysis—were also not before the Court when it originally sentenced Knight in 2010 as he had not yet been charged with or convicted of second-degree rape. *See* PSR ¶ 56 (listing no pending charges).

[2] The Court notes, however, that except for an anomalous (though serious) infraction for possession of a dangerous weapon, Knight has been infraction-free for nearly a decade. (ECF No. 2026-3 at 1 (listing most recent two infractions as possessing a dangerous weapon on 7/25/2018 and interfering with security devices on 11/20/2012).)

reduced, several factors including "the history and characteristics of the defendant"; the need to "afford adequate deterrence to criminal conduct"; and the need "to protect the public from further crimes of the defendant" favor a substantial sentence based on both the offense of conviction and Knight's other criminal conduct. 18 U.S.C. § 3553(a). Specifically, while Knight's offense of conviction in this case did not directly involve violence, it was closely tied to systematically violent gang activities. Further, during the time he was engaged in the instant drug conspiracy, Knight committed two other extremely serious offenses, at least one of which involved significant violence. This repeated engagement in grievous criminal conduct ultimately leads the Court to reject Knight's requested sentence reduction, even considering the reduced Guidelines range for Knight's offense of conviction, his age at the time of the offense, and his efforts at rehabilitation. Taking these factors, as well as the remaining § 3553(a) factors into account, the Court continues to conclude that a 188-month sentence remains "sufficient, but not greater than necessary" to comply with the purposes of incarceration set forth in 18 U.S.C. § 3553(a)(2).

## IV.   Conclusion

For the foregoing reasons, Knight's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 2020) is DENIED.

DATED this 21 day of April, 2022.

BY THE COURT:

James K. Bredar
Chief Judge